# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-273-MOC-DCK

| | |
|---|---|
| JAMES ANDREW LACOY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| IAC ALBEMARLE, LLC, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant IAC Albemarle, LLC's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

*Pro se* Plaintiff James Andrew Lacoy ("Plaintiff" or "Lacoy") filed his original "Complaint" (Document No. 1) against Defendant IAC Albemarle, LLC ("Defendant" or "IAC") with this Court on **May 3, 2013**. Plaintiff's "Amended Complaint" (Document No. 3) was filed on May 6, 2013. The "Amended Complaint" was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. (Document No. 3, p.1). Specifically, Plaintiff asserts discrimination on the basis of Defendant's failure to employ, termination, general harassment, and "health" and "color discrimination." (Document No. 3, p.3). Plaintiff acknowledges that he received a "Notice Of Right To Sue" from the Equal Employment Opportunity Commission ("EEOC") on **February 1, 2012**. <u>Id.</u>

The EEOC's "Dismissal And Notice Of Rights" (Document No. 3, pp.8-10) indicates that Plaintiff's charge of discrimination was not timely filed. Moreover, the EEOC's Notice, which Plaintiff properly attaches to his complaints, states that any lawsuit must have been filed "**WITHIN 90 DAYS**" of Plaintiff's receipt of the Notice. (Document No. 1, p.8; Document No. 3, pp.8-10)

Defendant's "…Motion To Dismiss…" (Document No. 14) was filed May 24, 2013, pursuant to Fed.R.Civ.P. 12(b)(6). Defendant simply asserts that Plaintiff's claims are time-barred. (Document Nos. 14, 14-1). Plaintiff was allowed two (2) extensions of time to file a response to the motion to dismiss. See (Document Nos. 17 and 20). On July 24, 2013, Plaintiff's "Response" (Document No. 22) was filed with the Court. Plaintiff's "Response" fails to address Defendant's arguments or to assert any legal authority supporting his desire to continue this litigation. (Document No. 22).

"Defendant IAC Albemarle, LLC's Reply To Plaintiff's Response To Defendant's Motion To Dismiss" (Document No. 23) was timely filed on July 30, 2013. On August 2, 2013, Plaintiff filed a letter with the Court. (Document No. 26). Even if Plaintiff's letter were accepted by the Court as a sur-reply, it offers little, if any, argument as to why this action should not be dismissed. Id.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

"enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant persuasively argues that Plaintiff's claims are time-barred and must be dismissed. (Document Nos. 14, 14-1). The undersigned, therefore, adopts Defendant's reasoning in the foregoing discussion.

Before filing a civil suit under Title VII, a plaintiff is required to file a charge of discrimination with the EEOC no later than 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1) (2013). If the EEOC decides to not pursue the discrimination claim, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person to be aggrieved." 42 U.S.C. § 2000e-5(f)(1) (2013). This notification is called a "right-to-sue" letter and the aggrieved person must "file a civil action within ninety days of receiving the right-to-sue letter." Angles v. Dollar Tree Stores, Inc., 494 Fed. Appx. 326, 328 (4th Cir. 2012).

Plaintiff filed his charge with the EEOC almost three years after the last date that any discriminatory act allegedly occurred and the EEOC properly dismissed his charge because it was untimely. (Document No. 3, pp. 2-3, 8-9). As noted above, Lacoy was issued, and received, a right-to-sue notice on or about February 1, 2012, which alerted him to the ninety day limitation period within which he could bring a civil action against IAC. (Document No. 3, p.8-10). Nevertheless, Plaintiff filed this lawsuit over a year after he received the right-to-sue letter from the EEOC on May 3, 2013, well outside of the ninety day limitation period in 42 U.S.C. § 2000e-5(f)(1). (Document No. 3, p.1, 3, 8-10).[1]

A plaintiff in a Title VII action must file suit within **90 days** after having received a statutory **notice** of his right to sue.... Unless tolled on recognized equitable grounds, the 90 day limit must be adhered to or else the court lacks jurisdiction to adjudicate the plaintiff's complaint. Harper v. Burgess, 1982 WL 31090 at *1 (W.D.Va. 1982) (citing Stebbins v. Nationwide Ins. Co., 469 F.2d 268 (4th Cir.1972). Furthermore, the Supreme Court has held that "[p]rocedural

---

[1] "The United States Supreme Court has declined to relax the EEOC deadlines for pro se plaintiffs." Nickles v. Bank of America Corp., 2013 WL 5462621 at *2, n.2 (M.D.N.C. September 30, 2013) (citing Baldwin County. Welcome Center. v. Brown, 466 U.S. 147, 150 n.4 (1984)).

requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants ... strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984); see also City of New Bern Police Dep't., 813 F.2d 652 (4th Cir.1987) (affirming summary judgment for defendant-employer because plaintiff's Title VII suit was filed 91 days after receiving the **EEOC's** right-to-sue letter); and Taylor v. Potter, 355 F.Supp.2d 817 (M.D.N.C 2005) (granting defendants' motion to dismiss because plaintiff's Title VII suit was filed 99 days after receiving the **EEOC's** right-to-sue letter).

Plaintiff's responses offer little, if any, argument or legal authority refuting Defendant's grounds for dismissal. (Document Nos. 22, 26). Under different facts, the undersigned might suggest that a *pro se* plaintiff such as this one be allowed one more opportunity to amend a complaint; however, because Plaintiff initiated this action outside the 90 day period prescribed by statute, Plaintiff will be unable to establish any set of facts which would support his claim and/or entitle him to defeat a motion to dismiss.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant IAC Albemarle, LLC's Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)**

**days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **IT IS SO RECOMMENDED**.

Signed: October 10, 2013

David C. Keesler
United States Magistrate Judge