UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00273-MOC-DCK

| | | |
|---|---|---|
| **JAMES ANDREW LACOY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **IAC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In this action filed May 3, 2013, plaintiff asserts under Title VII of the Civil Rights Act of 1964, claims of discrimination on the basis of defendant's alleged failure to employ, termination, general harassment, and "health" and "color discrimination." Plaintiff concedes, however, that he filed a claim of discrimination with the EEOC and received a Right to Sue Letter on February 1, 2012. Such letter informed plaintiff that he had 90 days from receipt of such notice within which to file suit. Defendant moved under Rule 12(b)(6) to dismiss asserting that this action is time barred. Despite granting plaintiff two extensions to respond to such motion, Orders (# 17 & #21), his Response (#22) as well as a post-reply letter (#26) do not address the merits of defendant's legal argument that this matter is time barred. Citing the 90 day limitations period, the magistrate judge recommended dismissal of this action.

Within the time allowed, plaintiff, proceeding pro se, filed his "Objection to Document[]" (#28), wherein he states his objection in full as follows: "[t]he reason I am asking for relief is that I was discriminated [against] for my medical situation." Objection (#28) at 1. The court has fully considered such objection in light of the Memorandum and Recommendation and all the pleadings of record, including the Amended Complaint. What is clear from such documents is that plaintiff *believes* he has been discriminated against and would like for this litigation to proceed.

Despite such desire and belief, it is clear that plaintiff filed his civil action in this court more than a year after he received his right to sue letter and almost three years after the last date that any allegedly discriminatory act occurred. There is no plausible explanation why plaintiff failed to so file and, therefore, no reason to consider equitable tolling. Under Title VII an aggrieved party must bring suit within 90 days of receipt of the EEOC's notice of dismissal and right to sue letter, or else that litigant forfeits the right to sue. 42 U.S.C. § 2000e–5 (f)(1) (Title VII); Aziz v. Orbital Scis. Corp., No. 98–1281, 1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998). The Fourth Circuit, as have other appellate courts, required strict application of the 90-day limit. Harvey v. City of New Bern Police Dept., 813 F.2d 652, 654 (4th Cir.1987) (dismissing Title VII lawsuit where suit was commenced ninety-one days after receipt of the right-to-sue letter). As recognized by other courts, "[t]he United States Supreme Court has declined to relax the EEOC deadlines for pro se plaintiffs." Nickles v. Bank of America Corp., 2013 WL 5462621 at *2, n.2 (M.D.N.C. September 30, 2013) (citing Baldwin County Welcome Center. v. Brown, 466 U.S. 147, 150 n.4 (1984)). As provided in the notice plaintiff received in February 2012, he had 90 days within which to file this action, making his May 3, 2013, filing untimely.

Here, the magistrate judge's recommendation of dismissal is wholly consistent with prevailing case law. Plaintiff's objection does not present an issue that this court can resolve inasmuch as whether or not discrimination occurred has not been reached -- and can never be reached -- because failure to file this action within 90-days of receipt of the right to sue letter bars this court from reaching that issue.

3

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

\*\*\*

Plaintiff requests in a post-script to his Letter (#26) that pleadings in which he mentions doctor's opinions concerning the conditions from which he is suffering be sealed due to health privacy concerns. A party who seeks to seal any pleading must comply with Local Civil Rule 6.1 (W.D.N.C. 2009). The requirements of Rule 6.1(C)(1) through (4) have been complied with. Local Civil Rule 6.1(C)(4), requires the requesting party to provide citations of law supporting the relief they seek. While not cited, the court finds such request consistent with Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. Washington Post, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

Id., at 429. The proposed sealing of the documents in this matter would be consistent with current case law inasmuch as the materials involve matters of little public interest, inasmuch as they relate to medical conditions suffered by a private litigant, and are records that clearly

intended to be confidential as provided under HIPPA. Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will grant the request to seal. Inasmuch as the time for public response has not run as to this motion, the court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's request to seal contained in pleading (#26) is **ALLOWED** and the court **SEALS** plaintiff's Amended Complaint (#3), Addendum to his Amended Complaint (#9), his Response (#22), and his Letter (#26). Access to such specified documents is limited to the parties, counsel, and the courts.

**IT IS ORDERED** that the Memorandum and Recommendation (#27) is **AFFIRMED,** defendant's Motion to Dismiss Plaintiff's Amended Complaint (#14) is **GRANTED,** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is instructed to enter judgment dismissing this case with prejudice.

### Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502

U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: November 15, 2013

Max O. Cogburn Jr.
United States District Judge